**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re STEVEN C. STERLING, ) | Case No. 07-60237-LYN |
| ) | |
| Debtor, ) | |
| ) | |

**MEMORANDUM**

This matter comes before court on the motion of Steven C. Sterling ("the Debtor")

creditor Lawrence L. Rosen ("the Secured Creditor") to dismiss this case under 11 U.S.C. §

109(g)(2).

This Court has jurisdiction over this matter.  28 U.S.C. § 1334(a) & 157(a).  This

is a core proceeding.  28 U.S.C. § 157(b)(2)(A)&(G).   Accordingly, this court may render a final

judgment.   This memorandum shall constitute the Court's findings of fact and conclusions of

law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R.

Bankr. P. 7052.

*Facts*

1

On August 21, 2006, the Debtor filed a chapter 7 bankruptcy petition designated by the Clerk as Case No. 06-61258 ("the First Case"). The Debtor scheduled real property in Orange Virginia ("the Real Property"). He scheduled the value of his interest in the Real Property at $80,000.00. He scheduled two claims in favor of the Secured Creditor in the total amount of $194,219.00. The claims are secured by the Real Property. The debtor did not file a creditor's matrix with the petition. An appropriate deficiency order issued from the Court.

The first meeting of creditors was held on September 25, 2006. The trustee reported that (1) the debtor had not lodged a wage-deduction order, (2) the plan could not be confirmed because it was not feasible and because it did not meet the best-interest-of-the-creditors test, (3) the debtor had not provided the trustee with copies of the debtor's pay stubs, copies of the real estate assessment on the Real Property, or the pre-confirmation affidavit, and (4) Schedules B, I and J were incomplete. The meeting of creditors was continued.

The Debtor's confirmation hearing was set for October 16, 2006, and was continued to December 18, 2006, on the condition that the Debtor cure the defects in the chapter 13 trustee's report.

On October 24, 2006, The Secured Creditor filed a motion for relief from the stay and the co-debtor stay, in order to foreclose on the Real Property. A pre-hearing order issued instructing the debtor to file a response within 10 days of the entry of the pre-hearing order on docket. The Secured Creditor filed an amended notice setting the motion for relief from the stay for hearing on January 8, 2007.    No response was filed on behalf of the Debtor.

At the docket call, counsel for the Secured Creditor, counsel for the Debtor and the Debtor all appeared. When the matter was called both counsel appeared but adjourned to discuss

the matter. After the discussion, counsel for the Debtor indicated that he did not wish to have the matter called before the Court. An order was entered granting the Secured Creditor relief from the stay to foreclose on the Real Property. The foreclosure sale was set for February 16, 2007.

On February 13, 2007, a hearing was held before this court on two motions by the court against counsel for the debtor, one for failing to file a creditor's matrix and one for failing to lodge an order continuing a hearing. The debtor appeared and asked to be heard. It was clear from his statements that he had intended to contest the motion for relief from the stay.

Also on February 13, 2007, the Debtor filed a notice of dismissal of the chapter 13 case. On February 14, 2007, the Debtor filed another chapter 13 petition designated by the Clerk as Case No. 07-60237 ("the Second Case"). The Debtor is represented by a different attorney in the Second Case. The Debtor scheduled the Real Property at a fair market value of $234,600.00. This amount is the amount at which the property is assessed for the purpose of imposing the property tax. The Debtor filed a motion to extend the automatic stay. The Secured Creditor filed an opposition to the Debtor's motion which included the argument that the Debtor was not eligible to be a debtor. A hearing was held on March 8, 2007, and the matter was taken under submission by the Court.

*Discussion*

The Secured Creditor, citing 11 U.S.C. § 109(g)(2), argues that the Debtor is not eligible to be a debtor. That paragraph provides that no individual may be a debtor who has been a debtor in a bankruptcy case at any time in the preceding 180 days if the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the

3

automatic stay.[1]

The Debtor was a debtor in a prior bankruptcy case in the preceding 180 days and obtained a voluntary dismissal after the Secured Creditor filed a request for relief from the automatic stay. The inquiry does not necessarily end there, however. While some courts have construed section 109(g)(2) as mandatory, others have held that its application is discretionary.

> There are two lines of cases interpreting section 109(g)(2)'s language. One line of cases holds that the application of section 109(g)(2) is mandatory. See generally Smith v. First Fed. Sav. & Loan Ass'n (In re Smith), 58 B.R. 603, 605 (W.D.Pa.1986); In re Denson, 56 B.R. 543, 546 (Bankr.N.D.Ala.1986).
> The other line of cases holds that the application of section 109(g)(2) is discretionary. See generally Economy Motors, Inc. v. Jones (In re Jones), 99 B.R. 412, 413 (Bankr.E.D.Ark.1989); Fulton Fed. Sav. & Loan Ass'n v. Milton (In re Milton), 82 B.R. 637, 639 (Bankr.S.D.Ga.1988).

Home Savings of America v. Luna (In re Luna), 122 B.R. 575 (9th Cir. B.A.P. 1991). In Luna, the Court declined to follow Section 109(g)(2) mechanically because to do so would have rewarded the creditor for acting in bad faith and would have punished the debtor for acting in good faith. The Court concluded that trial courts should avoid the mechanical application of Section 109(g)(2) when to do so would produce "an illogical and unjust result".

One Bankruptcy Court in this District has declined to mechanically apply Section 109(g)(2). See First National Bank of Rocky Mount v. Duncan (In re Duncan), 182 B.R. 156

---

[1]    Section 109(g) provides:

109(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

(Bankr. W.D.Va. 1995). In <u>Duncan</u>, the debtor had paid in full the creditor that brought the motion for relief in the first case. A different creditor objected to the filing of the Second Case under Section 109(g)(2). The Court first noted that Congress' justification for adding Section 109(g) to the Bankruptcy Code in 1984 was to control abusive filings. <u>S.Rep. No. 65, 98th Cong. 1st Sess. 74 (1983).</u> ("Subsection ([g]) adds a new paragraph to section 109. The purpose of the new paragraph is to provide the court with greater authority to control abusive multiple filings.") The Court reasoned that it must look to the circumstances surrounding the creditor's motion for relief from the stay and the debtor's motion to dismiss in the first case and ascertain if there was some reason for the debtor's motion other than to thwart the creditor's motion for relief from the stay. The Court concluded that if there was some other motive, then the court should deny the motion to dismiss the second case.

This Court agrees that a mechanical application of Section 109(g)(2) may do as much to thwart the purpose of the bankruptcy code as it would to foster it. The better rule is that which permits courts to apply Section 109(g)(2) in a discretionary manner. The facts in this case do not parallel those in the above-cited cases.

The Debtor filed the petition in the First Case for the purpose of retaining his residence. On October 24, 2006, The Secured Creditor filed a motion for relief from the stay and from the co-debtor stay. The motion asserts that the Debtor is obligated to the Secured Creditor under two promissory notes, the first in the amount of $160,000.00, which was due and payable in full on July 1, 2006, and the second in the amount of $30,000.00 which was due and payable in full on December 1, 2006. Interest accrued on both notes at the rate of 12% per annum. Payments were to be made on each note on the first of every month in the amount of interest only. The

Secured Creditor asserts that, as of October 24, 2006, the Debtor owed him approximately $203,181.60.

Counsel for the Debtor did not file a response to the motion for relief from the stay. At the docket call on the motion for relief from the say, counsel for The Secured Creditor, counsel for the Debtor and the Debtor all appeared. When the matter was called both counsel appeared but adjourned to discuss the matter. After the discussion, counsel for the Debtor indicated that he did not wish to have the matter called before the Court. A default order was entered granting the Secured Creditor relief from the stay to foreclose on the Real Property. It is clear that the Debtor wanted his attorney to contest the matter before the Court. Otherwise he would not have appeared at the hearing, notwithstanding the fact that his attorney had not filed a response to the motion for relief from stay. Additionally, the Debtor appeared at the hearings on orders to show cause against his counsel or on February 13, 2007. He asked to be heard then. It was clear that he did not understand why his attorney had not opposed the motion for relief from the stay. The Court concludes that he was not well served by counsel in the First Case.

The Court concludes, for purposes of the matters before it, that the fair market value of the Real Property is $224,600.00. The Secured Creditor's claim, as of March 24, 2007, amounts to at least $211,681.60.[2] There is approximately $13,000.00 in equity in the property.

On March 1, 2007, the Debtor filed a plan in the Second Case that provides that he will pay the Secured Creditor $1,000.00 per month for four months. The proposed plan further provides that the Debtor will seek to refinance and pay in full both notes within four months

---

[2] This amount is estimated by taking the amount of the claim on October 24, 2006, $203,181.60 and adding interest of $1,900.00 per month for five month. This amount does not include any other fees are charges that may have accrued. This amount is determined for purposes of the consideration of this motion. It binds neither party for any other purpose.

*from the date of petition.* It further provides that he will surrender the Real Property to the Secured Creditor if he has not obtained financing within four months *from the date of the filing of the plan*. The provision in the plan is somewhat ambiguous in that it is unclear whether the Debtor is required to pay the deeds of trust within four months or to obtain financing within four months.

The Court concludes (1) the Debtor wanted to, and attempted to, oppose The Secured Creditor's motion for relief from the stay in the First Case; (2) the Debtor was ill-served by his attorney in the First Case; (3) there is little equity in the Real Property; and (4) there will be virtually no equity in the Real Property within four months.

In light of his representation in the First Case, equity requires that the Debtor be given an opportunity to refinance his residence. The motion to extend the stay shall be granted, as conditioned. The motion to dismiss the case shall be denied. The Debtor shall have until July 1, 2007, to pay in full all amounts owing under the two promissory notes evidencing debt to the Secured Creditor. If he fails to do so, the automatic stay shall be modified to permit the Secured Creditor to foreclose on the property.

Additionally, the Debtor shall, on or before March 14, 2007, and on or before the 14th day of each month thereafter deliver to the Secured Creditor lawful funds in the amount of $1,000.00, until both notes are paid in full. If the Debtor fails to do so, the Secured Creditor may file a motion for relief from the automatic stay supported by an affidavit and shall serve the same on the Debtor. The Court may grant such motion without further notice or hearing.

## Conclusion

The motion of the debtor to continue the stay is granted as conditioned. The motion of

creditor Lawrence Rosen is denied.

        Appropriate orders shall issue.

        Upon entry of this Memorandum and Order the Clerk shall forward copies to Douglas E. Little, Esq., and Charles A. Price, Esq., counsel for the secured creditor.

        Entered on this  26th  day of March, 2007.

        _____
        William E. Anderson
        United States Bankruptcy Judge